IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| WILLIAM DAVIDSON HAMBY, JR. | ) | |
| | ) | |
| v. | ) | NO. 3:12-0879 |
| | ) | |
| METRO NASHVILLE POLICE | ) | |
| DEPARTMENT, et al. | ) | |

**O R D E R**

By Order entered August 31, 2012 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff, who is currently an inmate within the Davidson County Sheriff's Office, filed this action pro se and in forma pauperis. He brings claims arising out of an incident that resulted in his arrest by officers of the Metro Nashville Police Department ("MNPD") on July 8, 2012, for the charge of kidnapping. He has sued the MNPD, Commander Brian Johnson, and Officer John Pryor and seeks damages. By the Order of referral, the plaintiff was found to have alleged non-frivolous claims and process was ordered to issue to the three named defendants.

Presently pending is the Defendants' motion (Docket Entry No. 10) to stay the action pending resolution of the criminal charges brought against the plaintiff in state court. The Defendants contend that the facts underlying plaintiff's claims of false arrest and false imprisonment are based upon the same events which led to his arrest and which are at issue in the pending criminal proceedings. As such, the Defendants argue that the plaintiff's civil claims are premature and should

be administratively stayed until resolution of the criminal charges that are pending against him in state court.

The plaintiff has responded to the Defendants' motion by filing a motion "for the court to proceed with lawsuit." See Docket Entry No. 18. He contends that his criminal charges are "not federal" and that state matters are irrelevant to violations of the U.S. Constitution.

In addition to this motion, the plaintiff has filed a motion to have polygraph tests administered to the Defendants (Docket Entry No. 13), a motion to have counsel for the Defendants send to the Plaintiff data and police records involving his case (Docket Entry No. 14), a motion to receive a speedy trial (Docket Entry No. 15), a motion for discovery of all related documents (Docket Entry No. 16), a motion for the Court to notify the "F.B.I." about "the facts of corruption" (Docket Entry No. 17), and a motion for the Court to notify the U.S. Department of Justice about numerous false arrests and other matters (Docket Entry No. 19).

The Defendants' motion to stay is GRANTED, and the plaintiff's motion for the case to proceed is DENIED. Contrary to the plaintiff's assertion, constitutional issues are raised by his civil claims which are intertwined in the underlying state criminal proceedings. Adjudication of the plaintiff's civil claims may interfere with the criminal claims pending against the plaintiff in state court. Accordingly, this action is STAYED during the period that the criminal charges remain pending and the state criminal proceedings are ongoing. See Wallace v. Kato, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007) ("If a plaintiff files a false-arrest claim before he has been convicted ... it is within the power of a district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." (citations omitted)); Michel v. City of Akron, 272 Fed. Appx. 477, 2008 WL 2077868 (6th Cir. May 15, 2008);

Carroll v. City of Mount Clemens, 139 F.3d 1072, 1075 (6th Cir. 1998); Brindley v. McCullen, 61 F.3d 507, 509 n. 2 (6th Cir. 1995); Schilling v. White, 58 F.3d 1081, 1084 (6th Cir. 1995); Skidmore v. Henley, 2008 WL 4587451 (E.D. Ky. Oct. 15, 2008).

Upon the resolution of the plaintiff's relevant state criminal proceedings, the parties shall file a notice with the Court stating the outcome of the proceedings. If the relevant state criminal proceedings are still ongoing, the Defendants shall, by January 31, 2013, file a status report, including the status of the relevant state proceedings, whether any of the state charges have been resolved, and/or when further proceedings are scheduled.

In light of the this Order regarding the entry of a stay in this action, the plaintiff's various motions (Docket Entry Nos. 13-17 and 19) are DENIED.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge