IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM DAVIDSON HAMBY, JR.    )
                                )
    v.                          )    NO. 3:12-0879
                                )
METRO NASHVILLE POLICE          )
DEPARTMENT, et al.              )

# **O R D E R**

By Order entered October 19, 2012 (Docket Entry No. 20), this action was STAYED during the period that the criminal charges against the plaintiff remain pending and the state criminal proceedings are ongoing. The parties were directed to file a notice with the Court stating the outcome of the proceedings and that, if the relevant state criminal proceedings are still ongoing, the Defendants were directed to file a status report by January 31, 2012, including the status of the relevant state proceedings, whether any of the state charges have been resolved, and/or when further proceedings are scheduled.

Pending before the Court are eight (8) motions filed by the plaintiff subsequent to entry of the Order staying the action: motion for the Court to be on notice (Docket Entry No. 22); motion for the Court to file charges upon the defendants (Docket Entry No. 23); motion for the Court to intervene in the state court proceedings (Docket Entry No. 24); motion to ascertain status (Docket Entry No. 25); petition for the Court to grant the plaintiff immunity from possible future charges (Docket Entry No. 26); motion for the Court to require an investigation by the U.S. Department of

Justice (Docket Entry No. 28); motion for the Court to provide him with names and addresses (Docket Entry No. 29); and motion to add a defendant (Docket Entry No. 30).

The motion to ascertain status (Docket Entry No. 25) is GRANTED. In light of the Order staying all proceedings in this action, the plaintiff's various other motions (Docket Entry Nos. 22-24, 26, and 28-30) are DENIED.

Further, to the extent that the plaintiff's requests that this Court intervene in various ways in his state criminal proceedings, federal courts generally abstain from intervening in pending state criminal proceedings. See Younger v. Harris, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971). The plaintiff has not shown the existence of extraordinary circumstances which justify disregarding the principle of Younger abstention.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge