IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| WILLIAM DAVIDSON HAMBY, JR. | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 3:12-0879 |
| | ) | |
| METRO NASHVILLE POLICE | ) | |
| DEPARTMENT, et al. | ) | |

TO: Honorable Aleta A. Trauger, District Judge

**R E P O R T   A N D   R E C O M E N D A T I O N**

By Order entered August 31, 2012 (Docket Entry No. 3), the Court referred this action to the Magistrate Judge to enter a scheduling order, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

The plaintiff is currently an inmate within the Davidson County Sheriff's Office. He filed this action pro se and in forma pauperis on August 28, 2012, alleging that he was wrongfully arrested by officers of the Metro Nashville Police Department ("MNPD") on July 8, 2012, and charged with kidnapping. He brings damage claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, illegal search, lack of due process upon his arrest, and conspiracy, bias, and negligence related to his arrest and to the charges brought against him. See Complaint (Docket Entry No. 1), at 3-4. He also alleges that his constitutional rights were violated by the harsh manner in which he was treated after his arrest and by his conditions of confinement subsequent to his arrest. Id. at 3-5. Named as

defendants are the MNPD, Commander Brian Johnson, and Officer John Pryor. By the Order of referral, the Plaintiff was found to have alleged non-frivolous claims.

Prior to filing an answer or otherwise responding to the complaint, the Defendants moved for a stay of the action pending resolution of the state criminal charges brought against the Plaintiff as the result of his arrest. See Docket Entry No. 10. By Order entered October 19, 2012 (Docket Entry No. 20), the motion was granted and, in accordance with Wallace v. Kato, 549 U.S. 384, 393–94, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007), the action was stayed until the conclusion of the state criminal proceedings. On October 21, 2013, the Defendants filed a status report (Docket Entry No. 51) stating that the Plaintiff was found guilty of the criminal charge of aggravated kidnapping on October 14, 2013, and was set for sentencing on November 14, 2013.

In light of the notice of the Plaintiff's criminal conviction, the Court directed the Plaintiff to show cause why the Court should not follow the dictates of Edwards v. Balisok, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and Heck v. Humphrey, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), and dismiss the Plaintiff's claims for false arrest, false imprisonment, illegal search, lack of due process upon his arrest, and conspiracy, bias, and negligence related to his arrest and to the charges brought against him. See Order entered October 30, 2013 (Docket Entry No. 52).

On November 5, 2013, the Plaintiff filed two motions to amend (Docket Entry Nos. 54 and 55) in which he requests that: 1) a formal investigation occur regarding action of MNPD officers; 2) Defendant Brian Johnson be dismissed from the action; 3) Officer "Pennington" be added as a defendant; and 4) this action not be dismissed because he intends to appeal his conviction. The

Court construes these filings as the Plaintiff's response to the Court's show cause order of October 30, 2013.

The rule of Edwards and Heck applies to this action. The Plaintiff's claims for false arrest, false imprisonment, illegal search, lack of due process upon his arrest, and conspiracy, bias, and negligence related to his arrest and the charges brought against him are all based upon the same facts and events that underlie his conviction for aggravated kidnapping. Because any decision on these claims favorable to the Plaintiff would imply the invalidity of his conviction, these claims cannot be pursued in a civil action until the Plaintiff has first successfully challenged the conviction through federal or state appellate, habeas, or other collateral proceedings. Edwards, supra; Heck, supra; Ruff v. Runyon, 258 F.3d 498, 502 (6th Cir. 2001). Accordingly, the Plaintiff's claims for false arrest, false imprisonment, illegal search, lack of due process upon his arrest, and conspiracy, bias, and negligence related to his arrest and the charges brought against him should be dismissed without prejudice until such time as the Plaintiff obtains a judgment overturning or otherwise successfully challenging his conviction for aggravated kidnapping. The Plaintiff's response to the show cause order does not provide any legal basis for disregarding the rule of Edwards and Heck.

However, the Plaintiff's claims that his constitutional rights were violated by the manner in which he was treated after his arrest and by his conditions of confinement subsequent to his arrest are not subject to the rule in Edwards and Heck because a favorable decision on these claims will not imply the invalidity of his conviction for aggravated kidnapping. Such claims may proceed in this action.

The Plaintiff's request that Defendant Brian Johnson be dismissed from the action should be granted. However, his request to add "Officer Pennington" as a defendant should be denied. The

only allegation made against Officer Pennington is that he was "at the scene of the alleged incident." See Docket Entry No. 55, at 2. This cursory allegation is simply an insufficient basis to support an arguable legal claim against a defendant under Section 1983. A defendant cannot be held individually liable under Section 1983 absent a showing that the defendant was personally involved in some manner in the allegedly unconstitutional conduct. Hardin v. Straub, 954 F.2d 1193, 1196 (6th Cir. 1992). To the extent that the Plaintiff requests a "federal investigation," this Court has no authority to initiate such an investigation.

**RECOMMENDATION**

Based on the foregoing, the Court respectfully RECOMMENDS that:

1. the Plaintiff's claims for false arrest, false imprisonment, illegal search, lack of due process upon his arrest, and conspiracy, bias, and negligence related to his arrest and the charges brought against him be DISMISSED WITHOUT PREJUDICE;

2. The Plaintiff's motion to amend and for an investigation (Docket Entry No. 54) be DENIED;

3. the Plaintiff's motion to amend (Docket Entry No. 55) be GRANTED to the extent that the Plaintiff seeks to dismiss defendant Brian Johnson and be DENIED in all other respects. Defendant Brian Johnson should be DISMISSED from the action; and

4. Defendants MNPD and John Pryor be required to answer or otherwise respond to the Plaintiff's claims that his constitutional rights were violated by the manner in which he was treated after his arrest and by his conditions of confinement subsequent to his arrest.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge