IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

WILLIAM DAVIDSON HAMBY, JR.    )
                                                               )
    v.                                                      )     NO. 3:12-0879
                                                               )
METRO NASHVILLE POLICE          )
DEPARTMENT, et al.                   )

**O R D E R**

By Order entered October 19, 2012 (Docket Entry No. 20), this action was stayed prior to the filing of an answer or response by any defendant because criminal charges against the plaintiff were pending and state criminal proceedings were ongoing.

In the Report and Recommendation entered November 20, 2013 (Docket Entry No. 57), the undersigned noted that the plaintiff had been convicted on October 14, 2013, of the criminal charge of aggravated kidnapping and recommended that the plaintiff's claims for false arrest, false imprisonment, illegal search, lack of due process upon his arrest, and conspiracy, bias, and negligence related to his arrest and the charges brought against him be dismissed without prejudice in accordance with <u>Edwards v. Balisok</u>, 520 U.S. 641, 648, 117 S.Ct. 1584, 137 L.Ed.2d 906 (1997), and <u>Heck v. Humphrey</u>, 512 U.S. 477, 486-87, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). The undersigned further recommended that Defendants John Pryor and the Metro-Nashville Police Department be required to file a response to the plaintiff's claims that his constitutional rights were violated by the manner in which he was treated after his arrest and by his conditions of confinement

subsequent to his arrest because these claims were not subject to the rule in Edwards and Heck. The Report and Recommendation remains pending at this time.

The plaintiff has filed seven motions subsequent to the issuance of the Report and Recommendation that are currently pending: motion for summary judgment (Docket Entry No. 62); motion to ascertain status (Docket Entry No. 63); motion for summary judgment (Docket Entry No. 64); motion for oral deposition (Docket Entry No. 65); motion to amend suit and relief sought (Docket Entry No. 66); motion for appointment of counsel (Docket Entry No. 67); and motion to amend suit (Docket Entry No. 70). Also before the Court are the Defendants' responses in opposition to the plaintiff's motion for summary judgment and for oral deposition. See Docket Entry Nos. 68 and 69.

The motion to ascertain status (Docket Entry No. 63) is GRANTED. The Clerk is directed to send to the plaintiff a current copy of the docket sheet along with the copy of this Order.

The plaintiff's motion for the assistance of counsel (Docket Entry No. 67) is DENIED. The appointment of counsel in a civil case is not a constitutional right and there is no duty to appoint counsel to represent an indigent plaintiff in a civil action. Lanier v. Bryant, 332 F.3d 999, 1006 (6th Cir. 2003); Willit v. Wells, 469 F. Supp. 748, 751 (E.D. Tenn. 1977). Furthermore, although the Court has discretion in deciding whether to appoint counsel in such cases, it is well settled that appointment should be allowed only in exceptional cases. Lanier, supra; Lavado v. Keohane, 992 F.2d 601, 604-06 (6th Cir. 1993). Although the plaintiff has set out circumstances personal to his situation as a pro se and incarcerated litigant which may create difficulties for him in litigating the case, these difficulties do not rise to the level of exceptional circumstances, and the denial of counsel will not result in any fundamental unfairness to the plaintiff. There has been no showing that counsel

2

is necessary to present meritorious issues to the Court. See Lopez v. Reyes, 692 F.2d 15, 17 (5th Cir. 1982).

The plaintiff's motions to amend (Docket Entry Nos. 66 and 70) are GRANTED in part. The plaintiff's request to amend his prayer for relief to seek only nominal damages of $1.00 is GRANTED. His request to "have the job/badge of officer John Pryor taken from him" as a form of relief is DENIED. This Court has no authority to order relief of this nature. The Plaintiff's request to amend his complaint to name Defendant John Pryor in his individual capacity only is GRANTED.

The plaintiff's remaining motions (Docket Entry Nos. 62, 64, and 65) are DENIED without prejudice. Until resolution of the pending Report and Recommendation, this action remains stayed as to all claims and defendants. Accordingly, the plaintiff's motions warrant denial for that reason alone. Additionally, even if the stay is lifted and certain claims are permitted to proceed in this action, no response to the complaint has yet been filed by the Defendants and the plaintiff's requests for summary judgment and an order for discovery are extremely premature given the proceedings in the action.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge