UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| WILLIAM DAVIDSON HAMBY, JR. ]<br>    Plaintiff, ]<br> ]<br>v. ]<br> ]<br>METRO NASHVILLE POLICE ]<br>DEPARTMENT, et al. ]<br>    Defendants. ] | No. 3:12-0879<br>Judge Trauger |

## **M E M O R A N D U M**

On July 8, 2012, officers of the Metro Nashville Police Department arrested the plaintiff and charged him with aggravated kidnapping.

Prior to trial, the plaintiff initiated *pro se* the instant action under 42 U.S.C. § 1983, alleging false arrest, false imprisonment, an illegal search, a lack of due process, conspiracy, bias and negligence related to the arrest and the charges brought against him. In addition, the plaintiff seeks damages for allegedly harsh treatment after the arrest and for conditions of his confinement. *See* Docket Entry No. 1.

Because many of the plaintiff's claims are directly related to his arrest and prosecution, this action was stayed pending resolution of the state criminal charges brought against the plaintiff. Docket Entry No. 20.

According to a status report (Docket Entry No. 51) filed by the defendants, the plaintiff was found guilty of aggravated kidnapping and was awaiting sentencing on November 14, 2013.

1

Plaintiff's claims of false arrest, false imprisonment, an illegal search, a lack of due process, conspiracy, bias and negligence call into question the validity of that conviction. Such claims are not cognizable under 42 U.S.C. § 1983 until and unless the conviction has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance of a writ of habeas corpus. Heck v. Humphrey, 114 S.Ct. 2364, 2372 (1994). For that reason, the Magistrate Judge directed the plaintiff to show cause why these particular claims should not be dismissed without prejudice. Docket Entry No. 52.

The plaintiff has not filed a response to the order to show cause. Instead, he has filed two motions to amend his complaint. The first motion (Docket Entry No. 54) asks to amend plaintiff's prayer for relief to include a formal investigation by federal authorities into misconduct related to his arrest and prosecution.[1] The second motion (Docket Entry No. 55) asks to dismiss the defendant, Commander Brian Johnson, from the lawsuit and add Officer Pennington in his place.

Presently before the Court are the plaintiff's motions to amend, a Report and Recommendation (Docket Entry No. 57) from the Magistrate Judge, and Objections to the Report and Recommendation from the Metro Nashville Police Department (Docket Entry No. 59) and Officer John Pryor (Docket Entry No. 60).

In the Report and Recommendation, the Magistrate Judge concludes that, with plaintiff's conviction, the teachings of Heck, *supra*, are applicable in this instance. Accordingly, she recommends that those claims related to plaintiff's arrest and prosecution (i.e., false arrest, false imprisonment, illegal search, lack of due process, conspiracy, bias and negligence) be dismissed without prejudice. It is further recommended that plaintiff's first motion to amend (formal

---

[1] The motion is unsigned and could be stricken for that reason. Rule 11(a), Fed. R. Civ. P.

2

investigation) be denied and that the second motion to amend be granted to the extent that it seeks dismissal of Commander Brian Johnson from the lawsuit but be denied in all other respects. Consistent with these recommendations, the Magistrate Judge would require the remaining defendants, i.e., the Metro Nashville Police Department and Officer John Pryor, to file an answer or otherwise respond to the plaintiff's claims that he was harshly treated following his arrest and that conditions of his confinement have been unconstitutional.

None of the parties has disagreed with the Magistrate Judge's conclusion that <u>Heck</u> requires the dismissal without prejudice of the false arrest, false imprisonment, illegal search, lack of due process, conspiracy, bias and negligence claims. "If the plaintiff is ultimately convicted, and if the stayed civil suit would impugn that conviction, <u>Heck</u> will require dismissal; otherwise, the civil action will proceed, absent some other bar to suit." <u>Wallace v. Kato</u>, 549 U.S. 384, 394 (2007). The Court finds that the Magistrate Judge was correct on that point and that these claims shall be dismissed without prejudice.

The Magistrate Judge was also correct in recommending that the motions to amend, with the exception of plaintiff's request to drop Commander Brian Johnson as a defendant, be denied.

Finally, we are left with the question of whether the defendants should be required to answer or in some way respond to the plaintiff's remaining claims. The plaintiff's remaining claims include allegations that he was locked in a police cruiser "in 102 degrees with no open windows or air for hours", that he was forced "to use the toilet on myself since police would not let me use the bathroom", that his handcuffs were "exceedingly tight ... resulting in permanent injury", and that he was denied food and water while he waited in the police cruiser. Plaintiff also claims that he was confined in a jail "that is feces infested, hair infested, noise 24/7 and no air ventilation every day."

The Metro Nashville Police Department objects to the requirement of answering or otherwise responding to these claims, arguing that it is not an entity subject to suit. A county sheriff's department is not a "person" subject to liability under § 1983. Petty v. County of Franklin, Ohio, 478 F.3d 341, 347 (6th Cir. 2007). Of course, giving the *pro se* complaint a liberal construction, the Court could construe the complaint as an attempt to state a claim against the Metropolitan Government of Nashville and Davidson County, the entity responsible for the Metro Nashville Police Department. However, for the Metropolitan Government to be liable, the plaintiff would have to allege and prove that his constitutional rights were violated pursuant to a "policy statement, ordinance, regulation or decision officially adopted and promulgated" by that entity. Monell v. Department of Social Services, 436 U.S. 658, 689-690 (1978). No such allegation appears in the complaint. Therefore, the plaintiff has failed to state a claim against the Metro Nashville Police Department for which relief can be granted. Under such circumstances, the Court is obliged to sustain this defendant's objections and dismiss the claims against it. 28 U.S.C. § 1915(e)(2).

Officer Pryor also objects to answering plaintiff's remaining claims. No where in the complaint does the plaintiff set forth any factual allegations specifically identifying Officer Pryor as a tortfeasor involved in his post arrest treatment or conditions of his subsequent confinement. Officer Pryor is not identified as handcuffing the plaintiff or placing him in a heated police cruiser. There are no allegations that Officer Pryor refused plaintiff's requests to loosen his handcuffs, or refused him water or access to restroom facilities. In short, the Court has been left to speculate as to what role, if any, Officer Pryor played in the alleged violation of the plaintiff's constitutional rights. For that reason, Officer Pryor's objections are also sustained and the claims against him will be dismissed as well. 28 U.S.C. § 1915(e)(2).

An appropriate order will be entered.

_____
Aleta A. Trauger
United States District Judge